## Neil H. Crossett, Appellant, v. Ella Wittmore, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Bill by Neil H. Crossett, complainant, against Ella Wittmore, defendant, for modification of a decree of divorce so that complainant might obtain possession of his child and be relieved from paying defendant the amount decreed for the child's support. From a judgment dismissing the bill for want of equity, complainant appeals.

KAGY & VANDERVORT, for appellant.

NOLEMAN & SMITH and TAYLOR R. YOUNG, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. DIVORCE, § 159*—*when decree based upon consent of parties as to custody of child not disturbed.* On a bill to modify the decree awarded in a prior divorce proceeding between the parties, so that complainant might be relieved from paying the amount decreed for the support of a child and the custody of the child be awarded to him, where it appeared that at the hearing of the divorce case, the parties agreed that if certain letters which the mother, the defendant, had written to the husband were returned to her she would not contest the case; that the letters were returned and a decree was entered; that the awarding of the custody of the child

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Crossett v. Wittmore, 206 Ill. App. 320.

to the mother, who then resided in another State with the child, was virtually by consent; that both parties were of good repute, and that the child had a good home and was being well taken care of by its mother who had married again and still resided in such other State, *held* that, as no good reason had been shown why the care and custody of the child should be changed, the decree dismissing the bill for want of equity should be affirmed.

2. Divorce, § 159*—*when decree for possession of child in foreign State not disturbed.* While a court will not ordinarily permit a child of divorced parents to be removed from the State, still, where the child is, to the knowledge of the court, residing in another State with the mother at the time a decree pending for the possession of the child by the mother based upon an agreement of the parties is rendered, such decree will not be disturbed, where no other good reason exists for such change.

3. Divorce, § 39*—*when copies of letters forming basis for settlement of divorce case are inadmissible on application for modification of decree.* On a bill to modify the decree awarded in a prior divorce proceeding between the parties, so that complainant might be relieved from paying the amount decreed for the support of a child and the custody of it might be awarded to him, where, it appeared that at the hearing of the divorce case, the parties agreed that if certain letters which the mother had written to the husband, and which he claimed were violations of the federal law, were returned to her she would not contest the case; that the letters were returned and a decree was entered; that the awarding of the custody of the child to the mother, who then resided in another State with the child, was virtually by consent; that complainant contended that all evidence introduced in the divorce case should be admitted at the present hearing, and that therefore the said letters were admissible; that complainant merely offered copies which he had taken of the letters, and that such letters were not introduced in the divorce case, *held* that the court did not err in refusing to admit such copies.

4. Divorce, § 110*—*when discretion of court in refusing to modify decree as to alimony is not abused.* On a bill to modify the decree awarded in a prior divorce proceeding between the parties, so that complainant might be relieved from paying the amount decreed for the support of a child of the parties and that the custody of it might be awarded to him, where it appeared that the parties agreed that if certain letters which the mother had written to the husband, and which he claimed were violations of the federal law, were returned to her she would not contest the case;

that the letters were returned and a decree was entered; that the awarding of the custody of the child to the mother, who then resided in another State with the child, was virtually by consent, that both parties were of. good repute, and' that the child had a good home and was being well taken care of by its mother who had married again and still resided in such other State, *held* that the court might well have modified the allowance of alimony, but as that matter was largely discretionary, and as such discretion did not appear to have been abused, the decree dismissing for want of equity should be affirmed.